ATTORNEY GENERAL ROBERT HENRY HAS ASKED ME TO RESPOND TO YOUR LETTER DATED MARCH 2, 1989, REQUESTING THE OPINION OF THE ATTORNEY GENERAL AS TO SEVERAL QUESTIONS PERTAINING TO THE DUTY OF PUBLIC TRUSTS UNDER THE OKLAHOMA OPEN RECORDS ACT, 51 O.S. 24A.1 (1989) ET SEQ.. FOR SEVERAL REASONS THE QUESTIONS YOU POSED CANNOT BE RESOLVED THROUGH A FORMAL OPINION OF THE ATTORNEY GENERAL. THAT DOES NOT MEAN, HOWEVER, THAT THIS OFFICE CANNOT BE OF ASSISTANCE TO YOU. IT SHOULD BE EMPHASIZED, OF COURSE, THAT THE FOLLOWING REMARKS REFLECT THE VIEWS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND DO NOT CONSTITUTE THE FORMAL OPINION OF THE ATTORNEY GENERAL.
YOUR FIRST QUESTION INQUIRES AS TO WHETHER PUBLIC TRUSTS ARE REQUIRED TO PROVIDE BONDHOLDER LISTS TO CITIZEN REQUESTERS UNDER THE OPEN RECORDS ACT. ASSUMING, FOR THE SAKE OF THIS DISCUSSION, THAT THE PARTICULAR ENTITY TRIGGERING YOUR REQUEST IS THE VALLEY VIEW HOSPITAL AUTHORITY IN ADA, IT IS OUR UNDERSTANDING THAT QUESTION HAS ALREADY BEEN ANSWERED IN LITIGATION BEFORE THE DISTRICT COURT IN PONTOTOC COUNTY, AND THAT AN ORDER HAS BEEN ENTERED BY THE COURT DIRECTING THE AUTHORITY TO MAKE SUCH LISTS AVAILABLE. IF THAT ORDER IS NOT TIMELY APPEALED FROM, THE HOUSING AUTHORITY IS BOUND BY IT AND AN OFFICIAL OPINION OF THE ATTORNEY GENERAL AS TO THAT ISSUE CAN NEITHER ADD TO NOR SUBTRACT FROM THE FORCE OF THAT ORDER. IF THAT ORDER HAS BEEN APPEALED, AN OFFICIAL RESPONSE BY THE ATTORNEY GENERAL IS EQUALLY INAPPROPRIATE INASMUCH AS IT HAS BEEN THE CONSISTENT POLICY OF ALL RECENT ATTORNEYS GENERAL NOT TO COMMENT OFFICIALLY ON ISSUES INVOLVED IN PENDING LITIGATION.
YOUR SECOND QUESTION RELATES TO OTHER INFORMATION, WHICH MAY OR MAY NOT BE CONTAINED IN THE RECORDS OF A PUBLIC TRUST, THAT IS REQUESTED BY CITIZENS, AND SEEKS GUIDANCE AS TO THE OBLIGATIONS OF THE PUBLIC TRUST IN THOSE CIRCUMSTANCES. ALTHOUGH THE LEGAL PRINCIPLES GOVERNING THIS AREA ARE SUFFICIENTLY CLEAR THAT THE FORMAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY TO ENUNCIATE THEM, THEIR APPLICATION IN ANY GIVEN SITUATION IS SO FACT-SPECIFIC THAT AN OFFICIAL OPINION IS NOT A HELPFUL MEANS OF PROVIDING GUIDANCE TO PUBLIC BODIES.
THE OPEN RECORDS ACT REQUIRES GENERALLY THAT THE RECORDS OF PUBLIC BODIES, WHICH INCLUDE PUBLIC TRUSTS (SEE 51 O.S. 24A.3(2)), MUST BE REASONABLY AVAILABLE FOR PUBLIC INSPECTION AND COPYING. 51 O.S. 24A.5(5). A PUBLIC BODY IS NOT EXCUSED FROM THE DUTY TO PROVIDE PROMPT AND REASONABLE ACCESS TO ITS RECORDS BY VIRTUE OF THE FACT THAT SOME OF THOSE RECORDS MAY BE IN THE POSSESSION OF ITS AGENTS (E.G. LAWYERS, ACCOUNTANTS, BANKS). STATE EX REL. CARTWRIGHT V. OKLAHOMA INDUSTRIES AUTHORITY, 629 P.2D 1244, 1250 (OKL. 1981). THEREFORE, THERE IS NO REASONABLE DOUBT THAT A PUBLIC TRUST IS NOT EXCUSED FROM THE DUTY TO PROVIDE ACCESS TO ITS RECORDS, NOTWITHSTANDING THE FACT THAT THOSE RECORDS ARE NOT PRESENTLY IN THE PUBLIC BODY'S POSSESSION. THE OTHER IMPORTANT PRINCIPLE TO KEEP IN MIND IN THIS REGARD IS THAT THE OPEN RECORDS ACT DOES NOT IMPOSE ANY ADDITIONAL RECORDKEEPING REQUIREMENTS ON PUBLIC BODIES. SECTION 51 O.S. 24A.18. THE PUBLIC BODY IS NOT REQUIRED TO CREATE A RECORD OR TO COMPILE, DIGEST, OR OTHERWISE ORGANIZE OR PACKAGE ITS RECORDS TO MEET THE NEEDS — — OF A PARTICULAR REQUESTER. WHETHER OR NOT THE TYPE OF RECORDS ABOUT WHICH YOU INQUIRE IN YOUR SECOND QUESTION ARE PRE-EXISTING RECORDS OF A PUBLIC BODY OR WHETHER THEY ARE RECORDS THAT WOULD, IN EFFECT, HAVE TO BE CREATED, IS OF COURSE A QUESTION OF FACT WHICH CANNOT BE ADDRESSED IN AN OFFICIAL OPINION OF THE ATTORNEY GENERAL.
WITH RESPECT TO YOUR THIRD QUESTION, WHICH SEEKS TO ASCERTAIN THE ALLOCATION OF COSTS, IF ANY, FOR MAKING THE OTHER RECORDS ABOUT WHICH YOUR INQUIRE AVAILABLE FOR INSPECTION AND COPYING, THE ANSWER TO THAT QUESTION ALSO IS VERY FACT SPECIFIC. THE OPEN RECORDS ACT MAKES PROVISION FOR COPYING FEES, UP TO 25 CENTS PER PAGE, FOR ALL ORDINARY INFORMATION REQUESTS. IT PERMITS THE PUBLIC BODY TO CHARGE REQUESTERS A SEARCH FEE UNDER VERY LIMITED CIRCUMSTANCES, NAMELY, WHEN A PARTICULAR REQUEST IS MADE SOLELY FOR A COMMERCIAL PURPOSE; OR, WHEN COMPLIANCE WITH THE REQUEST CLEARLY WOULD CAUSE EXCESSIVE DISRUPTION OF THE PUBLIC BODY'S ESSENTIAL FUNCTIONS. 51 O.S. 24A.5(3). OF COURSE, IN BOTH OF THESE CIRCUMSTANCES THE APPLICATION OF EITHER CONDITION WOULD DEPEND UPON THE FACTS OF ANY PARTICULAR REQUEST: THAT IS, THE COMMERCIAL OR NON-COMMERCIAL STATUS OF THE REQUESTER AND THE MAGNITUDE OF THE REQUEST AS COMPARED TO THE RESOURCES OF THE PUBLIC BODY. THEREFORE, IT IS IMPOSSIBLE TO PROVIDE SPECIFIC GUIDANCE IN THIS AREA WITHOUT KNOWING THE PARTICULARS OF EACH INDIVIDUAL REQUEST.
(NED BASTOW)